Adam R.F. Gustafson
Acting Assistant Attorney General

Mark Widerschein
Alexa Penalosa
Natural Resources Section
Alison Finnegan
Wildlife & Marine Resources Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Mark.Widerschein@usdoj.gov
Alexa.Penalosa@usdoj.gov
Alison.C.Finnegan@usdoj.gov
*Counsel for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| FRIENDS OF NEVADA WILDERNESS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BUREAU OF LAND MANAGEMENT, *et al.*,<br><br>Defendants. | Case No. 2:25-cv-00929-CDS-MDC<br><br>**Answer to Complaint** |

Defendants provide the following Answer to the allegations in Plaintiffs' Complaint, ECF No. 1. The numbered paragraphs below correspond to the numbered paragraphs in the Complaint. Defendants deny any allegations in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein. To the extent that the headings in the Complaint contain factual allegations that require a response, the allegations are denied.

1. The allegations in the first sentence of this paragraph constitute Plaintiffs' characterization of the case, to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants admit the allegations in the second sentence of this paragraph characterizing the Tule Springs Fossil Beds National

Monument ("TUSK"). The remaining allegations in the second sentence are denied.

2.  The allegations in this paragraph constitute Plaintiffs' characterization of the case, to which no response is required. To the extent a response is required, Defendants deny the allegations.

3.  The allegations in this paragraph are denied.

4.  The allegations in this paragraph are denied.

5.  This paragraph contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants admit that the Court has subject matter jurisdiction but deny any remaining allegations.

6.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in sentences one through five of this paragraph and on that basis Defendants deny the allegations. The allegations in sentence six constitute Plaintiffs' characterization of the case, to which no response is required. To the extent a response is required, Defendants deny the allegations.

7.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in sentences one through five of this paragraph, and on that basis Defendants deny the allegations. The allegations in sentence six constitute Plaintiffs' characterization of the case, to which no response is required. To the extent a response is required, Defendants deny the allegations.

8.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis Defendants deny the allegations.

9.  The allegations in this paragraph are denied.

10. Admit.

11. Admit.

12. Admit.

13. This paragraph and footnote contains Plaintiffs' characterization of NEPA and the Council on Environmental Quality's ("CEQ") previously existing regulations. NEPA and

2

the previously existing CEQ regulations speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the NEPA and the CEQ's previously existing regulations, they are denied.

14. This paragraph contains Plaintiffs' characterization of the CEQ's previously existing regulations. The previously existing CEQ regulations speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the CEQ's previously existing regulations, they are denied.

15. This paragraph contains Plaintiffs' characterization of NEPA and the CEQ's previously existing regulations. NEPA and the previously existing CEQ regulations speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the NEPA and the CEQ's previously existing regulations, they are denied.

16. This paragraph contains Plaintiffs' characterization of NEPA and the CEQ's previously existing regulations. NEPA and the previously existing CEQ regulations speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the NEPA and the CEQ's previously existing regulations, they are denied.

17. This paragraph contains Plaintiffs' characterization of NEPA and the CEQ's previously existing regulations. NEPA and the previously existing CEQ regulations speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the NEPA and the CEQ's previously existing regulations, they are denied.

18. Defendants admit the allegation that the Department of the Interior ("DOI") is the parent agency of BLM, FWS, and NPS, and that it maintains NEPA regulations at 43 C.F.R. part 46. The remaining allegations in this paragraph contain Plaintiffs' characterization of DOI or CEQ's previously existing NEPA regulations. DOI and CEQ's previously existing NEPA regulations speak for themselves and are the best evidence of their

content. To the extent the allegations are inconsistent with the DOI or CEQ's previously existing regulations, they are denied.

19. The allegations in the first sentence of this paragraph contain Plaintiffs' characterization of the ESA. The ESA speaks for itself and is the best evidence of its content. The allegations in the second, third, and fourth sentences of this paragraph contain Plaintiffs' characterization of *Tennessee Valley Authority v. Hill*, 437 U.S. 153 (1978). *Tennessee Valley Authority v. Hill* speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the ESA and *Tennessee Valley Authority v. Hill*, they are denied.

20. The allegations in the first and second sentences of this paragraph are conclusions of law, to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the ESA, they are denied. The allegations in the third and fourth sentences of this paragraph are conclusions of law, to which no response is required, and purport to characterize 50 C.F.R. § 17.3, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with 50 C.F.R. § 17.3, they are denied.

21. The allegations in the first and second sentences of this paragraph are conclusions of law, to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the ESA, they are denied. The allegations in the third sentence of this paragraph are conclusions of law, to which no response is required, and purport to characterize 50 C.F.R. § 402.02 and 50 C.F.R. § 402.03, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the regulations, they are denied.

22. The allegations in the first and fifth sentences of this paragraph are conclusions of law, to which no response is required, and purport to characterize the ESA, which speaks for

itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the ESA, they are denied. The allegations in the second and third sentences of this paragraph are conclusions of law, to which no response is required, and purport to characterize 50 C.F.R. § 402.02, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the regulation, they are denied. The allegations in the fourth sentence of this paragraph are conclusions of law, to which no response is required, and purport to characterize *National Wildlife Federation v. National Marine Fisheries Serv.*, 524 F.3d 917 (9th Cir. 2008), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the *National Wildlife Federation v. National Marine Fisheries Serv.,* they are denied.

23. The allegations in the first sentence of this paragraph are conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the second, third, and fourth sentences of this paragraph are conclusions of law, to which no response is required, and purport to characterize 50 C.F.R. § 402.02, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the regulation, they are denied. The allegations in the fifth and sixth sentences of this paragraph are conclusions of law, to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the ESA, they are denied. The allegations in the seventh sentence of this paragraph are conclusions of law, to which no response is required, and purport to characterize 50 C.F.R. § 402.14, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the regulation, they are denied.

24. The allegations in the first sentence of this paragraph are conclusions of law, to which no response is required, and purport to characterize 50 C.F.R. § 402.11, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the regulation, they are denied. The allegations in the second, fourth, and fifth

sentences of this paragraph are conclusions of law, to which no response is required, and purport to characterize 50 C.F.R. § 402.14, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the regulation, they are denied. The allegations in the third sentence of this paragraph are conclusions of law, to which no response is required, and purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the ESA and its implementing regulations, they are denied.

25. The allegations in this paragraph are conclusions of law, to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the ESA, they are denied.

26. The allegations in this paragraph are conclusions of law, to which no response is required, and purport to characterize 50 C.F.R. § 402.16, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the regulation, they are denied.

27. The allegations in the first and second sentences of this paragraph are conclusions of law, to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the ESA, they are denied. The allegations in the third sentence of this paragraph purport to characterize 50 C.F.R. § 402.09, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the ESA, they are denied. The allegations in the fourth sentence of this paragraph are conclusions of law, to which no response is required, and purport to characterize *Lane County Audubon Soc'y v. Jamison*, 958 F.2d 290 (9th Cir. 1992), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the *Lane County Audubon Soc'y v. Jamison*, they are denied.

28. This paragraph contains Plaintiffs' characterization of the National Park Service Organic Act, 54 U.S.C. § 100101 *et seq.* ("NPS Organic Act") and *Mich. United Conservation Clubs v. Lujan*, 949 F.2d 202 (6th Cir. 1991). The NPS Organic Act and *Mich. United Conservation Clubs v. Lujan* speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the NPS Organic Act and *Mich. United Conservation Clubs v. Lujan*, they are denied.

29. This paragraph contains Plaintiffs' characterization of the NPS's 2006 Management Policies. The NPS's 2006 Management Policies speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the NPS's 2006 Management Policies, they are denied.

30. Defendants admit the allegations in the first sentence of this paragraph. Defendants deny the allegations in the second sentence and aver that the Carl Levin and Howard P "Buck" McKeon National Defense Authorization, Pub. L. 113-291, § 3092, 128 Stat. 3292, 3861 (2014) ("TUSK Enabling Act") described a process for creating, but did not contain, a map.

31. This paragraph contains Plaintiffs' characterization of the TUSK Enabling Act. The TUSK Enabling Act speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the Tusk Enabling Act, they are denied.

32. This paragraph contains Plaintiffs' characterization of the TUSK Enabling Act. The TUSK Enabling Act speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the TUSK Enabling Act, they are denied.

33. This paragraph contains Plaintiffs' characterization of the Paleontological Resources Protection Act ("PRPA"). The PRPA speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the PRPA, they are denied.

34. This paragraph contains Plaintiffs' characterization of the NPS's 2006 Management Policies and the NPS Organic Act. The NPS's 2006 Management Policies and NPS Organic Act speak for themselves and are the best evidence of their contents. To the

extent the allegations are inconsistent with the NPS's 2006 Management Policies and the NPS Organic Act, they are denied.

35. The allegations in the first and second sentences of this paragraph are conclusions of law, to which no response is required, and purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the APA, they are denied. The allegations in the third sentence of this paragraph are conclusions of law, to which no response is required, and purport to characterize *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29 (1983) ("*State Farm*"), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with *State Farm*, they are denied.

36. The allegations in this paragraph are conclusions of law, to which no response is required, and contain Plaintiffs' characterization of the APA, *State Farm* and *Marsh v. Or. Natural Res. Council*, 490 U.S. 360 (1989) ("*Marsh*"). The APA, *State Farm*, and *Marsh* speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the APA, *State Farm*, and *Marsh,* they are denied.

37. Defendants admit the allegations in the first sentence of this paragraph. The remaining allegations in this paragraph constitute Plaintiffs' characterization of the case, to which no response is required. To the extent a response is required, Defendants deny the allegations.

38. Defendants deny the allegation in the first sentence of this paragraph that the Project will "cut through" western Nevada and aver that that Project will travel from Las Vegas to Reno and cross primarily BLM-managed lands in the identified counties. Defendants deny the allegations in the second sentence that the Project will "cut through" the area nominated by Plaintiffs as the proposed Esmerelda/Fish Lake Area of Critical Environmental Concern and the TUSK and aver that the right-of-way will travel through portions of the identified areas.

39. This paragraph contains Plaintiffs' characterization of the BLM's planning regulations regarding Area of Critical Environmental Concern ("ACEC"), 43 C.F.R. § 1610.7-2 ("ACEC Regulations"). The ACEC Regulations speaks for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the ACEC Regulations, they are denied.

40. Defendants admit the allegations in the first sentence of this paragraph. The allegations in the second, third, fourth, and last sentences in this paragraph contain Plaintiffs' characterization of Plaintiff Friends of Nevada Wilderness's ("FNW") ACEC nomination to the BLM. Plaintiff FNW's ACEC nomination speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the FNW ACEC nomination, they are denied. Defendants admit the allegations in the sixth sentence of this paragraph that the Fish Lake Valley tui chub was proposed for listing as an endangered species as set forth in 90 Fed. Reg. 21720 (May 21, 2025) and is found only in Esmeralda County, Nevada. The remaining allegations in the sixth sentence of this paragraph purport to characterize 90 Fed. Reg. 21720 (May 21, 2025), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with 90 Fed. Reg. 21720, they are denied.

41. The allegations in this paragraph contain Plaintiffs' characterization of Plaintiff FNW's ACEC nomination and FNW's comments on the Draft EIS ("DEIS"). Plaintiff FNW's ACEC nomination and FNW's DEIS comments speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the FNW ACEC nomination and FNW DEIS comments, they are denied.

42. Defendants deny the allegations in the first sentence and aver that Monte Cristo South has been inventoried as an LWC but has not gone through an RMP process to formally recognize it. Defendants admit the allegation in the second sentence that Monte Cristo's Castle is within the proposed area but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis

Defendants deny the allegations. Defendants admit the allegation in the third sentence that NPS's Park to Park in the Dark route occurs east of the proposed ACEC but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis Defendants deny the allegations. Defendants admit the allegation in the fourth sentence that U.S. Highway 6 runs through the proposed area and connects to Yosemite National Park. All remaining allegations are denied.

43. The allegations in this paragraph contain Plaintiffs' characterization of Plaintiff FNW's ACEC nomination, Nev. Dep't of Wildlife, Nevada's 2022-2023 Bighorn Sheep & Mountain Goat Statewide Harvest and Population Status (2024), and Nev. Dep't of Wildlife, Big Game Status 2023-2024 62-63 (2024). Plaintiff FNW's ACEC nomination, Nevada's 2022-2023 Bighorn Sheep & Mountain Goat Statewide Harvest and Population Status (2024), and Nev. Dep't of Wildlife, Big Game Status 2023-2024 62-63 (2024) comments speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the FNW's ACEC nomination, Nev. Dep't of Wildlife, Nevada's 2022-2023 Bighorn Sheep & Mountain Goat Statewide Harvest and Population Status (2024), and Nev. Dep't of Wildlife, Big Game Status 2023-2024 62-63 (2024), they are denied.

44. The allegations in this paragraph contain Plaintiffs' characterization of Nev. Dep't of Wildlife, 2018-2019 Big Game Status 81-83 (2019). The document speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with Nev. Dep't of Wildlife, 2018-2019 Big Game Status 81-83 (2019), they are denied.

45. The allegations in this paragraph purport to characterize the BLM's Evaluation of the Nominated Esmeralda/Fish Lake ACEC (Final) (Mar. 2024). BLM's Evaluation of the Nominated Esmeralda/Fish Lake ACEC speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with BLM's Evaluation of the Nominated Esmeralda/Fish Lake ACEC (Final) (Mar. 2024), they are denied.

46. The allegations in this paragraph purport to characterize and quote the BLM's Evaluation of the Nominated Esmeralda/Fish Lake ACEC (Final) (Mar. 2024). BLM's Evaluation of the Nominated Esmeralda/Fish Lake ACEC speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with BLM's Evaluation of the Nominated Esmeralda/Fish Lake ACEC (Final) (Mar. 2024), they are denied.

47. The allegations in the first sentence of this paragraph purport to characterize 55 Fed. Reg. 12178 (Apr. 2, 1990), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with 55 Fed. Reg. 12178, they are denied. The allegations in the second sentence of this paragraph are denied on the grounds that its references to "other desert-adapted species" without naming the species to which Plaintiffs refer, and the terms "physiological tolerances" and "outer limits" are vague and ambiguous.

48. Defendants admit the allegation in the first sentence of this paragraph that FWS issued a revised recovery plan for the Mojave desert tortoise ("tortoise") in 2011. The remaining allegations in the first sentence and all of the allegations in the second and third sentences of this paragraph purport to characterize the revised recovery plan for the tortoise, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the revised recovery plan for the tortoise, they are denied. Defendants admit the allegations in the fourth sentence of this paragraph.

49. The allegations in the first sentence of this paragraph purport to characterize the revised recovery plan for the tortoise, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the revised recovery plan for the tortoise, they are denied. Defendants admit the allegation in the second sentence of this paragraph that tortoise populations continue to face a wide range of threats as identified in the revised recovery plan but deny the remaining allegations in the second sentence of this paragraph. Defendants admit the allegation in the third sentence of this paragraph that tortoises require over a decade to reach sexual maturity, have reproduction

that varies through time, and that juveniles have variable but low survival rates. Defendants further aver that these life history characteristics, combined with extended time periods for recovery of desert ecosystems, make it difficult to assess the relative impacts of individual threats. Defendants deny the remaining allegations in the third sentence of paragraph. The allegations in the fourth sentence of this paragraph purport to characterize the 2022 Mojave Desert Tortoise 5-Year Review, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2022 Mojave Desert Tortoise 5-Year Review, they are denied. Defendants admit the allegation in the fifth sentence of this paragraph that the tortoise's rangewide abundance has decreased since it was listed under the ESA but deny the remaining allegations on the basis that the phrase "reliable data and analysis" is vague and ambiguous. The allegations in the sixth sentence of this paragraph purport to characterize a "2023 report on desert tortoise population connectivity," which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the "2023 report on desert tortoise population connectivity", they are denied.

50. The allegations in the first, second, and third sentences of this paragraph purport to characterize and quote Plaintiff Basin and Range Watch's ("BRW") nomination for the Cactus Springs ACEC ("Cactus Springs ACEC nomination"). The Cactus Springs ACEC nomination speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the Cactus Springs ACEC nomination, they are denied.

51. The allegations in this paragraph appear to characterize and quote the BLM's Cactus Springs ACEC Nomination Relevance and Important Values Report (Mar. 2024). BLM's Cactus Springs ACEC Nomination Relevance and Important Values Report (Mar. 2024) speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the BLM's Cactus Springs ACEC Nomination Relevance and Important Values Report (Mar. 2024), they are denied.

52. The allegations in this paragraph appear to characterize and quote the BLM's Cactus

Springs ACEC Nomination Relevance and Important Values Report (Mar. 2024). BLM's Cactus Springs ACEC Nomination Relevance and Important Values Report (Mar. 2024) speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the BLM's Cactus Springs ACEC Nomination Relevance and Important Values Report (Mar. 2024), they are denied.

53. Defendants admit the allegations in the first sentence. The remainder of the allegations appear to quote and characterize the TUSK Foundation Document, to which no response is required. The TUSK Foundation Document speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the TUSK Foundation Document, they are denied.

54. Defendants admit the allegations in the first sentence. In the second sentence, Defendants admit that the listed species may occur at TUSK but aver that "important" is undefined and vague and deny on that basis. Any remaining allegations in the second sentence are denied. Defendants admit the allegations in sentence three. Sentence four appears to quote and characterize the TUSK Foundation Document, to which no response is required. The TUSK Foundation Document speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the TUSK Foundation Document, they are denied

55. Defendants admit the allegation in sentence one that ground-penetrating radar was applied at seven sites within TUSK. Defendants deny the allegations in the second and third sentence. Defendants admit the allegation in sentence four but aver that the sites were specifically chosen to test ground-penetrating radar because they were sites with known fossil assemblages. Defendants admit the allegations in sentences five, six, and seven. All remaining allegations are denied.

56. Defendants admit the allegations in the first sentence of this paragraph. The remaining allegations purport to characterize and quote the BLM's DEIS and Final EIS ("FEIS"). BLM's DEIS and FEIS speak for themselves and are the best evidence of their content.

To the extent the allegations are inconsistent with the DEIS and FEIS, they are denied. The footnote purports to characterize a BLM regulation at 43 C.F.R. § 2804.35(b). The regulations speaks for itself and is the best evidence of its content. To the extent the allegations in the footnote are inconsistent with the regulation, they are denied.

57. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence in this paragraph and therefore deny them. The allegations in the second sentence purport to characterize Joint Application of Nevada Power Company d/b/a NV Energy and Sierra Pacific Power Company d/b/a NV Energy for approval of the fourth amendment to its 2018 Joint Integrated Resource Plan to update and modify the renewable portion of the Supply-Side Action Plan and the Transmission Action Plan, Nevada Commission Docket No. 20-07023, (Mar. 22, 2021) ("NV Energy Application"). The NV Energy Application speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the NV Energy Application, they are denied. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the third and fourth sentences in this paragraph and therefore deny them. The allegations in the fifth sentence of this paragraph purport to characterize and quote Jimmy Tobias, How the Renewable Energy Boom Is Remaking the American West, Inside Climate News (Dec. 15, 2024), available at https://tinyurl.com/3bt4cjuk ("Tobias article"). The Tobias article speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the Tobias article, they are denied. The allegations in the sixth and seventh sentences of this paragraph purport to characterize Order Granting Petition for Declaratory Order re Nevada Power Company, FERC Dkt. No. EL22-73-000 (Mar. 23, 2023) ("FERC Order"). The FERC Order speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the FERC Order, they are denied. The allegations in the eighth sentence of this paragraph purport to characterize Request for Rehearing of the Office of the Nevada Attorney General, Bureau of Consumer Protection,

FERC Dkt. No. EL22-73-000 (Apr. 21, 2023) ("FERC Rehearing Request"). The FERC Rehearing Request speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the FERC Rehearing Request, they are denied. The footnotes purport to characterize the cited sources, which speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the cited documents, they are denied.

58. Defendants admit the allegations in the first sentence of this paragraph. The remaining allegations in this paragraph purport to characterize the BLM's DEIS for the Project. BLM's DEIS speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the DEIS, they are denied.

59. The allegations in this paragraph purport to characterize and quote the BLM's DEIS for the Project. BLM's DEIS speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the DEIS, they are denied.

60. The allegations in this paragraph purport to characterize and quote the BLM's DEIS for the Project. BLM's DEIS speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the DEIS, they are denied.

61. The allegations in this paragraph purport to characterize and quote the BLM's DEIS for the Project. BLM's DEIS speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the DEIS, they are denied.

62. The allegations in this paragraph purport to characterize and quote the BLM's DEIS for the Project. BLM's DEIS speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the DEIS, they are denied.

63. The allegations in this paragraph purport to characterize and quote the BLM's DEIS for the Project. BLM's DEIS speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the DEIS, they are denied.

64. The allegations in the first, second, and fifth sentences of this paragraph purport to characterize and quote the BLM's DEIS for the Project. BLM's DEIS speaks for itself

and is the best evidence of its content. To the extent the allegations are inconsistent with the DEIS, they are denied. Defendants deny the allegations in the third, fourth, and sixth sentences of this paragraph.

65. The allegations in the first sentence of this paragraph purport to characterize and quote the BLM's DEIS for the Project. BLM's DEIS speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the DEIS, they are denied. Defendants deny the allegations in the second sentence of this paragraph.

66. The allegations in the first, second, and sixth sentences of this paragraph purport to characterize and quote the BLM's DEIS for the Project. BLM's DEIS speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the DEIS, they are denied. The allegations in the third and fourth sentences of this paragraph are vague and ambiguous because the other land management documents and other solar projects are not identified, and therefore Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and deny them on that basis. Defendants aver that the 2024 Western Solar PEIS indicates that proximity to transmission infrastructure is one of the most important economic parameters for successful utility-scale solar energy deployment. The allegations in the fifth sentence of this paragraph purport to characterize and quote NV Energy's website - NV Energy, Greenlink by NV Energy, https://www.nvenergy.com/cleanenergy/greenlink-nevada. The website speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the NV Energy website, they are denied. Defendants deny the remaining allegations in this paragraph.

67. The allegations in this paragraph purport to characterize and quote the BLM's DEIS for the Project. BLM's DEIS speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the DEIS, they are denied.

68. The allegations in this paragraph purport to characterize and quote the BLM's DEIS for the Project. BLM's DEIS speaks for itself and is the best evidence of its content. To the

extent the allegations are inconsistent with the DEIS, they are denied.

69. Defendants deny the allegations in the second, third, fourth, sixth, and seventh sentences of this paragraph. The remaining allegations in this paragraph purport to characterize and quote BLM's DEIS for the Project. BLM's DEIS speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the DEIS, they are denied.

70. Defendants admit the allegation in the first sentence in this paragraph that Plaintiff FNW submitted comments on the DEIS, but deny that Plaintiffs identified errors or omissions. The remaining allegations in this paragraph purport to characterize and quote the Plaintiff FNW's comments on the DEIS ("FNW's DEIS comments"). FNW's DEIS comments speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with FNW's DEIS comments, they are denied.

71. The allegations in the first, second, and eighth sentences in this paragraph purport to characterize and quote FNW's DEIS comments. FNW's DEIS comments speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with FNW's DEIS comments, they are denied. The remaining allegations in this paragraph purport to characterize and quote the DEIS. The DEIS speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the DEIS, they are denied.

72. The allegations in this paragraph purport to characterize and quote FNW's DEIS comments. FNW's DEIS comments speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with FNW's DEIS comments, they are denied.

73. The allegations in this paragraph purport to characterize and quote Plaintiff Basin and Range Watch's ("BRW") comments on the DEIS ("DEIS comments"). BRW's DEIS comments speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with BRW's DEIS comments, they are denied.

74. Defendants admit the allegations in the first clause of the first sentence of this paragraph but deny the remaining allegations in the first sentence. Defendants deny the allegations in the second sentence of this paragraph and aver that the FEIS states that bighorn sheep "may be susceptible to disturbance." Defendants deny the third sentence as vague, as the timeframe is undefined. The allegations in the fourth and fifth sentences in this paragraph purport to characterize and quote BRW's DEIS comments. BRW's DEIS comments speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with BRW's DEIS comments, they are denied. Defendants deny the allegations in the sixth sentence of this paragraph.

75. The allegations in this paragraph purport to characterize and quote BRW's DEIS comments. BRW's DEIS comments speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with BRW's DEIS comments, they are denied.

76. The allegations in the first and second sentences in this paragraph purport to characterize and quote BRW's DEIS comments and vaguely referenced "other stakeholders" and "commenters." BRW's and the other stakeholders' and commenters' DEIS comments speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with BRW's DEIS comments, they are denied. The allegations in the third sentence in this paragraph are denied. The remaining allegations in this paragraph purport to characterize and quote BLM's DEIS for the Project. BLM's DEIS speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the DEIS, they are denied.

77. Admit.

78. The allegations in this paragraph purport to characterize and quote the FEIS for the Project. The FEIS speaks for itself and is the best evidence of their content. To the extent the allegations are inconsistent with the FEIS, they are denied.

79. The allegations in this paragraph purport to characterize the FEIS for the Project. The

FEIS speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the FEIS, they are denied.

80. Defendants deny the allegations in the first, fifth, sixth, seventh, eighth, ninth, and thirteenth and sentences of this paragraph. The allegations in the second, third, fourth, tenth, eleventh, twelfth, fourteenth, fifteenth, sixteenth, seventeenth, and eighteenth sentences in this paragraph purport to characterize and quote the FEIS for the Project. The FEIS speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the FEIS, they are denied.

81. The allegations in the first, second, second, third, fourth, fifth, sixth, eighth, ninth, and tenth sentences of this paragraph purport to characterize and quote the FEIS for the Project. The FEIS speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the FEIS, they are denied. Defendants deny the allegations in the seventh and eleventh sentences of this paragraph.

82. The allegations in this paragraph purport to characterize and quote the FEIS for the Project. The FEIS speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the FEIS, they are denied.

83. The allegations in this paragraph purport to characterize and quote the FEIS for the Project. The FEIS speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the FEIS, they are denied.

84. The allegations in this paragraph purport to characterize and quote the FEIS for the Project. The FEIS speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the FEIS, they are denied.

85. Defendants deny the allegation in the first sentence and aver that the Record of Decision included the Non-Impairment Determination. The remaining allegations in sentences one and two purport to characterize the Non-Impairment Determination which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Non-Impairment Determination, they are denied. The allegations in the third and

fourth sentence are denied. The allegations in the fifth sentence are denied. To the extent the fifth sentence characterizes the PRPA, it speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the PRPA, they are denied.

86. Defendants deny the allegation in the first sentence of this paragraph as vague because intense criticism is undefined and the entities are not identified, but aver that comments were received opposing the issuance of the FEIS. Defendants admit the allegation in the second sentence of this paragraph that Plaintiff BRW submitted a protest by letter on July 15, 2024 ("BRW Protest"). The remainder of the paragraph purports to characterize the BRW Protest, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the BRW Protest, they are denied.

87. Sentences one through four and nine of this paragraph purport to characterize the BRW Protest, the Solar Programmatic EIS, and the FEIS, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the BRW Protest, the Solar Programmatic EIS, and the FEIS, they are denied. The allegations in sentences five through eight are denied.

88. Defendants admit the allegation in the first sentence of this paragraph that Plaintiff BRW submitted a letter protesting the FEIS dated July 15, 2024, but deny the remaining allegations in that sentence. Sentences two through six of this paragraph purport to characterize the BRW Protest and FEIS, which speaks for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the BRW Protest and FEIS, they are denied. The allegations in sentence seven are denied.

89. Sentences one and two of this paragraph purport to characterize the BRW Protest. The BRW Protest speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the BRW Protest, they are denied. The allegation in sentence three that fossil anomalies were identified at three sites is admitted, but the United States avers that the sites were within the Proposed Action permanent ROW area. Sentences four and five and any remaining allegations of this paragraph are denied.

90. Sentences one through six of this paragraph purport to characterize the FEIS and BRW Protest. The FEIS and BRW Protest speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the FEIS and BRW Protest, they are denied. The allegations in the seventh sentence of this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. To the extent the seventh sentence characterizes NEPA, it speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with NEPA, they are denied.

91. Defendants admit the allegation in the first sentence of this paragraph that BLM issued a Protest Resolution Report on August 27, 2024. The remainder of this paragraph purports to characterize the Protest Resolution Report, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Protest Resolution Report, they are denied.

92. Defendants admit the allegations in the first sentence of this paragraph. The second sentence of this paragraph purports to characterize the ROD. The ROD speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the ROD, they are denied.

93. Defendants admit the allegations in the first sentence of this paragraph. The allegations in the second, third, and fourth sentences of this paragraph purport to characterize FWS's Biological Opinion on the proposed Greenlink West Transmission Line Project (File No. 2024-0070122) (June 3, 2024) ("the BiOp"). The BiOp speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the BiOp, they are denied.

94. The allegations in this paragraph are conclusions of law, to which no response is required, and purport to characterize the BiOp, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the BiOp, they are denied.

95. The allegations in the first, second, third, fifth, and sixth sentences of this paragraph are conclusions of law, to which no response is required, and purport to characterize the BiOp, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the BiOp, they are denied. The allegations in the fourth sentence of this paragraph purport to characterize the Solar Programmatic EIS. The Solar Programmatic EIS speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Solar Programmatic EIS, they are denied.

96. The allegations in this paragraph are conclusions of law, to which no response is required, and purport to characterize the BiOp, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the BiOp, they are denied.

97. The allegations in this paragraph are conclusions of law and consist of Plaintiffs' characterization of their lawsuit, to which no response is required. To the extent a response is required, the allegations are denied.

98. Defendants deny the allegations in the first sentence of this paragraph. The remaining allegations in this paragraph purport to characterize the BiOp. The BiOp speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the BiOp, they are denied.

99. The allegations in this paragraph purport to characterize the BiOp. The BiOp speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the BiOp, they are denied.

100.    The allegations in this paragraph are conclusions of law, to which no response is required, and purport to characterize the BiOp, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the BiOp, they are denied.

101.    Defendants incorporate by reference each response to the allegations in the paragraphs numbered 1 through 100 above.

102.     The allegations in this paragraph are denied.

103.     The allegations in this paragraph are denied.

104.     The allegations in this paragraph are denied.

105.     Defendants incorporate by reference each response to the allegations in the paragraphs numbered 1 through 104 above.

106.     The allegations in this paragraph are denied.

107.     Defendants incorporate by reference each response to the allegations in the paragraphs numbered 1 through 106 above.

108.     The allegations in this paragraph are denied.

109.     The allegations in this paragraph are denied.

110.     The allegations in this paragraph are denied.

## RESPONSE TO PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiffs' Prayer for Relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to any of the relief requested in Prayer for Relief, including subparagraphs (1) through (5), or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny each and any allegation of the Complaint not otherwise expressly admitted, qualified or denied herein.

## DEFENSES

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiffs lack standing as to some or all of their claims.

3.     Defendants reserve their right to assert additional defenses during the course of this litigation.

Respectfully submitted this 10th day of September 2025,

Adam R.F. Gustafson
Acting Assistant Attorney General

23

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**_/s/ Mark J. Widerschein_**
Mark Widerschein
Alexa Penalosa
Natural Resources Section
Alison Finnegan
Wildlife & Marine Resources Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Mark.Widerschein@usdoj.gov
Alexa.Penalosa@usdoj.gov
Alison.C.Finnegan@usdoj.gov
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing was made through the Court's electronic filing and notice system (CM/ECF).

Dated: September 10, 2025          */s/ Mark J. Widerschein*

Mark Widerschein