Deborah Bone
Nevada Bar # 15688
WOMBLE BOND DICKINSON (US) LLP
3393 Howard Hughes Parkway
Suite 600
Las Vegas, NV 89169
Tel: (702) 424-2677
Deborah.Bone@wbd-us.com

Barry Hyman (*has complied with LR IA 11-2*)
Ann MacDonald (*has complied with LR IA 11-2*)
Kaitlin Klamann (*has complied with LR IA 11-2*)
ARENTFOX SCHIFF, LLP
233 South Wacker Drive, Suite 7100
Chicago, Illinois 60606
Tel: (312) 258-5721
Tel: (312) 258-5548
Tel: (312) 258-5525
Barry.Hyman@afslaw.com
Ann.MacDonald@afslaw.com
Kaitlin.Klamann@afslaw.com

*Attorneys for Sierra Pacific Power Company and Nevada Power Company each d/b/a NV Energy*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| FRIENDS OF NEVADA WILDERNESS and BASIN AND RANGE WATCH,<br><br>Plaintiffs<br><br>v.<br><br>UNITED STATES BUREAU OF LAND MANAGEMENT, UNITED STATES FISH AND WILDLIFE SERVICE, and THE NATIONAL PARK SERVICE,<br><br>Defendants | Case No. 2:25-cv-00929-CDS-MDC<br><br>**Order Granting SIERRA PACIFIC POWER COMPANY AND NEVADA POWER COMPANY, EACH D/B/A NV ENERGY'S UNOPPOSED MOTION TO INTERVENE**<br><br>[ECF No. 27] |

Sierra Pacific Power Company and Nevada Power Company, each d/b/a NV Energy ("NV Energy"), by their attorneys, move unopposed[1] to intervene as parties, pursuant to Rule 24 of the

---
[1] Counsel for NV Energy advised Defendants and Plaintiffs of NV Energy's intention to move to intervene. The parties informed the undersigned that they take no position on the motion.

Federal Rules of Civil Procedure, because NV Energy is the recipient of the rights-of-way issued by the United States Bureau of Land Management ("BLM"), the United States Fish and Wildlife Service ("USFWS") and the National Park Service ("NPS") (collectively, "the Defendants"), that NV Energy is using for its Greenlink West electric transmission line project ("the Greenlink West Project" or "the Project"). NV Energy's protectible interest in its use of the rights-of-way to construct, operate, and maintain the Greenlink West Project will be directly affected by the outcome of this litigation and its intervention is critical to ensure that its protectable interests are adequately represented.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     Background[2]

NV Energy is the largest electric utility in Nevada, serving approximately 1.3 million customers and providing electricity to an area covering over 46,000 square miles. NV Energy's Greenlink West Project is a large-scale electricity transmission project designed to strengthen Nevada's energy infrastructure and provide reliable power to customers statewide. The Project includes more than 350 miles of new or improved overhead electric transmission lines and substations running from Las Vegas, Nevada to Yerington, Nevada. The new lines are expected to transmit up to four gigawatts (GW) of energy—enough to power approximately 4.8 to 5 million homes. The Project is estimated to generate approximately $690 million in economic activity and create around 4,000 new jobs.

Over the last four years, NV Energy has invested significant time, money, and resources to develop its plans to construct, operate and maintain the transmission lines and substations comprising the Project and to engage with regulators and public agencies to obtain the necessary permits, grants, and permissions for the Project.

NV Energy applied to the Public Utilities Commission of Nevada ("the Commission") for approval of the electric transmission lines and substations that make up the Greenlink West Project

---

[2] "[A] district court is required to accept as true the non-conclusory allegations made in support of an intervention motion." *Sw. Ctr. For Biological Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001).

1  in July 2020. The Commission approved or conditionally approved the design, permitting, land
2  acquisition, and construction of several of NV Energy's proposed transmission lines and substations
3  in March 2021.  In September 2020, NV Energy applied to the BLM for the necessary rights-of-
4  way through public lands and worked with the BLM throughout its approval process, including its
5  preparation of the final Environmental Impact Statement ("EIS") for the Project dated June 2024.
6  The BLM issued its Record of Decision ("ROD") granting the rights-of-way to NV Energy in
7  September 2024. Shortly thereafter, in March 2025, NV Energy began construction on the
8  Greenlink West Project. As of August 2025, construction is underway on at least four power
9  substations and one transmission line.

On May 28, 2025—after construction had begun on the Project—Plaintiffs Friends of Nevada Wilderness and Great Basin and Range Watch (collectively, "Plaintiffs") filed this action alleging that the Defendants violated the National Environmental Policy Act ("NEPA"), the Endangered Species Act ("ESA") and the National Park Service Organic Act ("NPS Organic Act") in issuing the rights-of-way to NV Energy. *See* Dkt. Entry 1, at ¶ 2. The Plaintiffs ask the Court to enjoin construction of the Greenlink West Project, set aside the BLM's ROD and other agency authorizations, and remand the matter back to the Defendants for further deliberation on NV Energy's application for rights-of-way. *Id.* at ¶ 4. On August 8, 2025, the Defendants filed an unopposed motion for extension of time to respond to the Complaint, to and including September 10, 2025. See Dkt. Entry 21.

II.     **Argument**

NV Energy has a legal right to intervene under Rule 24(a) or, in the alternative, the Court should grant it permission to intervene under Rule 24(b), because it is the recipient of the rights-of-way that Plaintiffs contest, and that are necessary for the construction of its Greenlink West Project. NV Energy addresses each Rule, in turn, below.

**A.  NV Energy is Entitled to Intervene as of Right**.

Federal Rule of Civil Procedure 24(a)(2) states:

> On timely motion, the court must permit anyone to intervene who … claims an interest relating to the property or transaction that is the subject of the action, and is

- 3 -

>so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Courts in the Ninth Circuit look to four factors when considering a motion to intervene pursuant to Rule 24(a), including whether: (1) the application for intervention was timely; (2) the applicant has "a significant protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest is not adequately represented by the existing parties in the lawsuit. *See Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2023). District courts should be "guided primarily by practical and equitable considerations" and construe Rule 24(a) "broadly in favor of proposed intervenors." *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (internal quotations and citations omitted). "A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts." *Id.* at 397-98 (internal citations and quotations omitted). We discuss below why each of the four factors weighs in favor of granting NV Energy's motion to intervene.

### i. NV Energy's Motion to Intervene is Timely.

Courts measure timeliness by considering (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of any delay. *See United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004). This motion was filed two weeks after Defendants responded to the Complaint, before the Court entered any rulings on any matters that affect the substantive rights of the litigants, and before the filing (or briefing) of any dispositive motions. Neither Plaintiffs nor Defendants object to intervention. And, in any event, both parties were and are well aware that this case involves NV Energy's significant and substantive rights and interests. Accordingly, NV Energy's intervention at this point will not prejudice either party.

### ii. NV Energy has a "Significant Protectable Interest" in the Litigation.

NV Energy has a significant protectable interest because the outcome of the litigation will impact its ongoing Greenlink West Project. The Ninth Circuit has held that "whether an applicant for intervention as of right demonstrates sufficient interest in an action is a 'practical, threshold inquiry,' and '[n]o specific legal or equitable interest need be established.'" *Citizens for Balanced Use*, 647 F.3d at 897 (internal quotations and citations omitted). To demonstrate a significant protectable interest, an applicant must establish that: (1) the interest is protectable under some law; and (2) that there is a relationship between the legally protected interest and the claims at issue. *Id.* Courts have treated this factor as a "practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Fresno County v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980).

NV Energy is the recipient of the rights-of-way being challenged by the Defendants. As such, NV Energy's property interests in its Greenlink West Project are directly impacted by this litigation. Courts in this District have routinely granted motions to intervene in similar circumstances. *See e.g.*, *Donor Network West v. Kennedy*, No. 3:25-cv-00140-ART-CSD, 2025 WL 1475500, at *1 (D. Nev. Mar. 24, 2025) (granting motion to intervene and finding that proposed intervenor had a protectable interest in the case when the case was about a waiver granted by the defendant to the proposed intervenor); *Center for Biological Diversity v. Haaland*, No. 2:24-cv-02043-CDS-NJK, 2025 WL 777528, at *2 (D. Nev. Jan. 14, 2025) (granting motion to intervene and finding that proposed intervenor had a protectable interest in the litigation when the intervenor was the developer of the project challenged by the defendants); *Great Basin Resource Watch v. United States Department of the Interior*, No. 3:19-cv-00661-LRH-WGC, 2020 WL 1308330, at *2 (D. Nev. Mar. 19, 2020) (granting motion to intervene to permit recipient and noting "courts routinely grant intervention where a lawsuit involves the legality of permits authorizing a project granted by a federal agency to the proposed intervenor.").

### iii. This Lawsuit Threatens NV Energy's Interests.

NV Energy will suffer a practical impairment of its interests if the Court grants the relief requested in the Complaint. "[A] prospective intervenor has a sufficient interest for intervention

- 5 -

1  purposes if it will suffer a practical impairment of its interests as a result of the pending litigation."
2  *Wilderness Soc. v. U.S. Forest Service*, 630 F.3d 1173, 1179 (9th Cir. 2011). This factor often
3  "follows as a matter of course" if the second factor is met. *See Haaland*, 2025 WL 777528, at *2.

4  Plaintiffs ask that the Court enjoin construction of the Project and remand consideration of
5  the right-of-way. If this Court grants that relief, in whole or in part, NV Energy may suffer monetary
6  losses, construction delays, and challenges to meet future energy demands of its commercial and
7  residential customers. *See e.g.*, *Great Basin Resource Watch*, 2020 WL 1308330 at *3 (finding that
8  plaintiff's requested relief would undermine the finality of the ROD preventing the intervenor from
9  developing the project); *Haaland*, 2025 WL 777528, at *2 (finding this factor satisfied when the
10 proposed intervenor was the owner and developer of a mining operation authorized by BLM
11 through its ROD).

### iv. NV Energy's Intervention Will Protect Its Unique Interests.

NV Energy's interests are unique and distinct from the interests of Defendants, who do not object to intervention. The Ninth Circuit has held that the burden of demonstrating this factor is "minimal," and "the applicant need only show that representation of its interests by existing parties 'may be' inadequate." *Berg*, 268 F.3d at 822 (internal quotation and citation omitted). Alone among the Defendants, NV Energy has invested millions of dollars in and is charged with responsibility for construction of the Project, which is consistent with implementation of the integrated resource plans approved for NV Energy by the Commission. They approved the Project to protect and secure NV Energy's ability to meet the electric power needs of customers in the territories it serves. As this Court has previously noted, "the government must represent the broad public interest, not just the economic concerns of private industry." *Great Basin Resource Watch*, 2020 WL 1308330, at *3 (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1208 (5th Cir. 1994)). Like other third parties allowed to intervene in similar actions, NV Energy is "principally concerned with how the various statutes at issue apply to, and potentially affect, its legally-protectable interests, approved project plans, and its development of the Project." *Id.*, at *3 (internal quotation and citation omitted). The Court should grant NV Energy's motion to intervene to ensure that its unique interests are protected in this case.

### B. In the Alternative, the Court Should Grant Permissive Intervention.

NV Energy also satisfies the requirements for permissive intervention. Permissive intervention, pursuant to Federal Rule of Civil Procedure 24(b)(1)(B), is appropriate when (1) a movant files a timely motion; (2) the prospective intervenor has a claim or defense that shares a common question of law or fact with the main action; and (3) there is an independent ground for jurisdiction. *See Freedom from Religion Found., Inc v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011). This three-part test is satisfied here because, as discussed above, NV Energy's motion is timely and will not unduly delay these proceedings or prejudice any party, and the interests it seeks to defend include questions of law or fact similar or identical to those already before the Court. The Court has jurisdiction because this is a federal question case. NV Energy does not intend to raise non-federal claims. *See id.* Indeed, NV Energy's intervention will ensure that the Court has important information regarding the practical and economic implications of the Project that will "significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977).

### III. Conclusion

For all these reasons, NV Energy respectfully requests that the Court grant its motion to intervene. NV Energy's proposed Answer to the Complaint is attached as Exhibit 1.

Respectfully submitted,

/s/ Deborah Bone
Deborah Bone
WOMBLE BOND DICKINSON (US) LLP
3393 Howard Hughes Parkway
Suite 600
Las Vegas, NV 89169
Tel: (702) 424-2677
Deborah.Bone@wbd-us.com

Barry Hyman (*pro hac vice*)
Ann MacDonald (*pro hac vice*)
Kaitlin Klamann (*pro hac vice*)
ARENTFOX SCHIFF, LLP
233 South Wacker Drive, Suite 7100
Chicago, Illinois 60606
Tel: (312) 258-5721
Tel: (312) 258-5548
Tel: (312) 258-5525
Barry.Hyman@afslaw.com
Ann.MacDonald@afslaw.com
Kaitlin.Klamann@afslaw.com

*Attorneys for Sierra Pacific Power Company and Nevada Power Company each d/b/a NV Energy*

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE,
DATED: November 5, 2025